Renea I. Saade (Bar No. 0911060)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
renea.saade@stoel.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM SLEEPER,<br><br>                                 Plaintiff,<br><br>v.<br><br>URS MIDWEST INC., a Michigan corporation,<br><br>                                Defendant. | Case No.: _____<br><br>NOTICE OF REMOVAL OF CIVIL ACTION (28 U.S.C. §§ 1331, 1332, 1441(a) and 1441(c) (Federal Question Jurisdiction and Diversity of Citizenship Jurisdiction) |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF ALASKA.

PLEASE TAKE NOTICE that Defendant URS Midwest Inc. d/b/a United Road Services ("URS") notices the removal of this action to the United States District Court for the District of Alaska at Anchorage from the Superior Court for the State of Alaska, Third Judicial District at Anchorage. Removal is proper pursuant to 28 U.S.C. § 1331 and 1441 *et seq.*, as the Court has subject matter jurisdiction to adjudicate the claims based upon federal-question jurisdiction, and pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, jurisdiction based upon diversity of citizenship of the Parties. In support of this Notice, URS more particularly states as follows:

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

## I. INTRODUCTION

1. Plaintiff, William Sleeper, filed this action against URS in the Superior Court for the State of Alaska, Third Judicial District at Anchorage (the "Superior Court"), asserting claims under the Fair Labor Standards Act, 29 USC § 201 *et seq.* ("FLSA"), and the Alaska Wage and Hour act, AS 23.10.050, *et seq.* ("AWHA"), and seeking monetary damages, liquidated damages and/or penalties, and attorneys' fees.[1] URS is a transportation services company that hired Plaintiff as a truck driver from 2012 through the present.[2]

2. In his Complaint, Plaintiff alleges that URS failed to pay him overtime for hours worked in excess of 40 hours worked per week, under the FLSA and AWHA, and for hours in excess of eight hours worked per day, under the AWHA.[3] Plaintiff also alleges improper deductions from his pay under both statutes, but does not identify what those deductions were or the amount of the deductions.[4]

3. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, because the procedural requirements for removal are satisfied. This is a civil action asserting a federal statutory claim, and also a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon URS in the state court action are attached as Exhibit A.

---

[1] *See* Exhibit A (Complaint ¶¶ 3.1-3.16).
[2] *Id.* at ¶ 2.1.
[3] *Id.* at ¶¶ 2.6-2.10.
[4] *Id.* at ¶¶ 2.8, 3.1-3.16.

NOTICE OF FILING NOTICE OF REMOVAL OF ACTION
*Sleeper v. URS Midwest, Inc.*, Case No. _____
Page 2 of 8
92009068.1 0065332-00001

5. The United States District Court for the District of Alaska includes the locality in which the state court action is now pending, and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 81A and 1441(a).

6. The state court action was filed in the Superior Court on February 8, 2017[5]. Plaintiff served URS with the Complaint on March 14, 2017.

7. This Notice of Removal is filed within 30 days of Plaintiff's service of the Complaint on URS on March 14, 2017, and within 30 days of URS first being made aware of the state court action on or about March 14, 2017.

8. No previous application has been made for the relief URS is requesting.

9. Consistent with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the Clerk of the Superior Court.

## III. REMOVAL IS PROPER, BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1331, 1332 and 1441.

### A. Subject Matter Jurisdiction on the Basis of Federal Question

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 on the basis of federal-question jurisdiction.

11. Plaintiff asserts a claim against URS under the FLSA, a federal statute. (See Exhibit A, Complaint).

### B. Subject Matter Jurisdiction on the Basis of Diversity of Citizenship

12. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[5] *See* Exhibit A.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*

### 1. Complete Diversity Exists.

13. Upon information and belief, at the time Plaintiff commenced this litigation, and at all times since, Plaintiff was and is a resident of the State of Alaska.[6]

14. At the time Plaintiff commenced this litigation, and at all times since, URS was incorporated in the State of Michigan, with its principal place of business located in the State of Michigan.[7] Accordingly, URS is a citizen of the State of Michigan for purposes of complete diversity.[8]

15. Therefore, as required by 28 U.S.C. § 1332(a)(1), this action involves "citizens of different states." Plaintiff is a citizens of the State of Alaska, and Defendant URS is a citizen of the State of Michigan. Because URS, the sole defendant, is not a citizen of the State of Alaska, removal of this action is proper under 28 U.S.C. § 1441(b)(2).

### 2. The Amount in Controversy Requirement is Satisfied.

16. Furthermore, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," as required by 28 U.S.C. § 1332(a). Plaintiff seeks monetary relief for allegedly unpaid overtime hours, unspecified "illegally withheld, and deducted" compensation, liquidated damages, and attorneys' fees and costs.[9] The combination of relief sought, by a preponderance of the evidence, more likely than not far exceeds the jurisdictional amount of $75,000.[10] While URS denies any liability to Plaintiff, the outer scope of the relief he seeks, meritless though it may be, establishes the amount in controversy.

---

[6] *See* Exhibit A (Complaint ¶ 1.1).
[7] *See* Exhibit A.
[8] *See* 28 U.S.C. § 1332(c)(1).
[9] *See* Exhibit A (Complaint ¶¶ 3.1-3.9).
[10] *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004) (even where not facially evident from the complaint that more than $75,000 is in controversy, the removing party may demonstrate, by a preponderance of the evidence, that the amount in controversy more

NOTICE OF FILING NOTICE OF REMOVAL OF ACTION
*Sleeper v. URS Midwest, Inc.*, Case No. _____
Page 4 of 8
92009068.1 0065332-00001

17. In the Complaint, Plaintiff seeks damages for unpaid overtime under both the FLSA and AWHA.[11] Plaintiff alleges that in the past three years, as of the filing of the Complaint on February 8, 2017, Plaintiff had worked 2,200 hours of unpaid overtime.[12] Plaintiff does not state an hourly rate of pay from which an overtime rate of one-and-a-half times the regular hourly rate could be determined, but during the past three years Plaintiff would have had to have had an average minimum wage rate of $9.01 per hour, under Alaska's minimum wage law between 2014 and 2017.[13] If he were paid minimum wage, Plaintiff's 2,200 hours of claimed overtime would equal approximately $29,738 in overtime wages (1.5 times the average minimum wage times 2200 hours).

---

likely than not exceeds that amount). "[A] removing party must initially file a notice of removal that includes 'a plausible allegation the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014)).

"[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy." *Valdez*, 372 F.3d at 1117; *see also Lacross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (holding that defendant established the amount in controversy by a preponderance of the evidence when it made reasonable assumptions regarding the amount at issue).

> [T]he standard for determining whether Defendants meet their burden of establishing the amount in controversy is the preponderance of the evidence. Under this standard, the removing party's burden is not daunting, and defendants are not obligated to research, state, and prove the plaintiff's claims for damages. When a defendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible, the court may find that the defendant has established by a preponderance of the evidence that the amount in controversy is met.

*Alvarez v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-01798-MCE, 2014 WL 799939, at *7 (E.D. Cal. Feb. 27, 2014) (internal quotation marks, citations, and alterations omitted).

[11] Exhibit A (Complaint ¶¶ 3.2, 3.11).
[12] *Id.* at ¶ 2.10.
[13] AS § 23.10.065(a)

NOTICE OF FILING NOTICE OF REMOVAL OF ACTION
*Sleeper v. URS Midwest, Inc.*, Case No. _____
Page 5 of 8

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

18. Plaintiff also seeks liquidated damages under the FLSA and AWHA, alleging URS "ought to have known that it needed to pay him overtime compensation."[14] Liquidated damages are an amount equal to the claimed "actual damages," the allegedly withheld overtime pay, and would therefore be $29,738.[15] That yields total claimed damages of approximately $59,476.00, inclusive of liquidated damages, at a minimum. Given that Plaintiff's regular rate of pay likely amounts to a higher figure than $9.00 per hour in any given year since 2013, his claimed actual and liquidated damages likely exceed $75,000.

19. Plaintiff also claims damages for "illegally withheld, and deducted, compensation that he had earned."[16] It is unclear from the Complaint if this yields a distinct source of damages apart from Plaintiff's overtime claims, but any additional damages attributable to payroll deductions would add to Plaintiff's $59,476.00 in damages, exclusive of fees and costs.

20. Plaintiff additionally seeks "[a]ctual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act or Alaska's Wage and Hour Act."[17] "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."[18] Plaintiff seeks attorneys' fees and costs under the FLSA, which provides that the Court may "allow a reasonable attorney's fee to be paid by the defendant."[19] Plaintiff further seeks an award of attorneys' fees under the AWHA, which provides that the Court may "allow costs of the action and . . . reasonable

---

[14] *Id.* at ¶ 3.7.
[15] *Id.*; 29 U.S.C. § 216(b).
[16] Exhibit A (Complaint, ¶ 3.4).
[17] Exhibit A (Complaint, Prayer for Relief).
[18] *Galt G/S v. JSS Scandinavia¸* 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2009) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees.")
[19] 29 U.S.C. § 216(b).

NOTICE OF FILING NOTICE OF REMOVAL OF ACTION
*Sleeper v. URS Midwest, Inc.*, Case No. _____
Page 6 of 8
92009068.1 0065332-00001

attorney fees to be paid by the defendant."[20] A reasonable estimate of the full attorneys' fees Plaintiff is likely to incur in prosecuting this case through trial would exceed $15,525, bringing the amount in controversy above $75,000.00.

21. Plaintiff's claimed actual damages, liquidated damages, statutory attorneys' fees, and requested injunctive relief add up to an amount exceeding $75,000.00.

WHEREFORE, Defendant respectfully removes this action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

DATED: March 31, 2017

          STOEL RIVES LLP

          By: /s/ Renea L. Saade
             Renea I. Saade (Bar No. 0911060)
             STOEL RIVES LLP
             510 L Street, Suite 500
             Anchorage, AK 99501
             Telephone: (907) 277-1900
             Facsimile: (907) 277-1920
             renea.saade@stoel.com

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*

---

[20] AS § 23.10.110(c).

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 31, 2017, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court - District of Alaska. Participants in this case were served by U.S. First Class Mail and electronically via email as follows:

  Isaac D. Zorea
  P.O. Box 210434
  Anchorage, AK 99521
  izorea.law@gmail.com

  William Dennie Cook
  Address: PO Box No. 1
  Eagle River, Alaska 99577-0001
  bill@braininjuryalaska.com
  Attorneys for Plaintiff William Sleeper

/s/ Renea I. Saade
Renea I. Saade

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900 Fax 907.277.1920*