IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

William Sleeper,

    Plaintiff,

v.

URS Midwest, Inc.,

    Defendant.

Case No. 3AN-17-    CI

COPY
Original Received
FEB 8 - 2017
Clerk of the Trial Courts

## COMPLAINT

COMES NOW, William Sleeper, the plaintiff above named, by and through his attorneys, Isaac Derek Zorea and William Dennie Cook, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, William Sleeper, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, URS Midwest, Inc., has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

### II. FACTS

2.1. For over five years, plaintiff William Sleeper had been employed by URS Midwest, Inc., working as a truck driver.

Complaint: *Sleeper v. URS Midwest, Inc..*      — 1 of 7 —

2.2. Pursuant to the demands of his employer, Mr. Sleeper worked a specific driving route for URS Midwest, which was the route from Anchorage, Alaska to Prudoe Bay, Alaska and back to Anchorage, Alaska.

2.3. During the regular course of his employment as a truck driver for URS Midwest, Inc., Mr. Sleeper drove a vehicle with a gross vehicle weight greater than 10,000 lbs., and his travel remained within the State of Alaska.

2.4. As compensation for his services, URS Midwest, Inc. paid Mr. Sleeper on a commission basis, paying to him twenty-seven percent of the amount charged to the customers. Mr. Sleeper's commission percentage remained the same without regard to the number of hours that he worked for URS Midwest, Inc., even though the hours he worked regularly exceeded 40 hours per week.

2.5. During the course of his employment, URS Midwest, Inc. never required Mr. Sleeper to sign a written agreement explaining an alternative rate of overtime for his services, and at no time did Mr. Sleeper sign any written agreement describing any alternative methods by URS Midwest, Inc. for calculating its payment of overtime pay to him.

2.6. During the course of his employment, URS Midwest, Inc. required Mr. Sleeper to perform job duties other than truck driving, and for these additional duties, URS Midwest, Inc. did not pay any overtime payments for these duties, even if these required hours of work exceeded 40 per week.

2.7. During the course of his employment, URS Midwest, Inc. never made any payments to Mr. Sleeper for those hours that he worked that exceeded 40 hours a week, or exceeded 8 hours a day, even though Mr. Sleeper worked overtime hours pursuing the clear expectations of his employer.

2.8. During the course of his employment, URS Midwest, Inc. established payment practices whereby it deducted compensation from Mr. Sleeper based on illegal cost transfers to Mr. Sleeper, which thereby lowered the weekly pay that Mr. Sleeper would otherwise be entitled to receive.

2.9. The clear language within the Alaska Wage and Hour Act and the Fair Labor Standards Act have made clear to any reasonable employer the necessity to either pay overtime payment to non-exempt employees, pursuant to the wage acts' requirement of time and a half, or that an alternative overtime payment system needed to be place in writing and signed by the employee.

2.10. During the last three years of his employment, Mr. Sleeper worked in excess of 2,200 hours of overtime work for URS Midwest, Inc., without receiving any overtime pay for these hours.

2.11. On or about October 31, 2016, Mr. Sleeper filed an assignment of his overtime wage claim against URS Midwest, Inc. to State of Alaska, Department of Labor and Workforce Development. Mr. Sleeper requested that the State of Alaska, Department of Labor and Workforce Development relinquish his wage claim assignment, and on December 7, 2016 the Department agreed to relinquish his wage claim assignment.

## CAUSES OF ACTION

A. **VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 USC § 201 ET SEQ.).**

3.1. William Sleeper incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.11.

3.2. Plaintiff William Sleeper alleges that he worked overtime hours for his employer URS Midwest, Inc., by driving a truck for his employer between Anchorage, Alaska and Prudoe Bay, Alaska, and performing other as needed duties, without receiving a payment of one and one half times his normal rate of pay.

3.3. Plaintiff William Sleeper further alleges that he never was asked to sign, nor did he ever sign, any agreement with URS Midwest, Inc. that established any alternative method for paying and calculating overtime compensation for the hours that he worked.

3.4. Plaintiff William Sleeper also alleges that URS Midwest, Inc. illegally withheld, and deducted, compensation that he had earned as part of his commission pay.

3.5. Plaintiff William Sleeper alleges that URS Midwest, Inc.'s decision to ignore paying him overtime compensation, and/or its decision to ignore the requirement that any alternative methods of calculating overtime pay needed to be in writing, thereby making it appropriate that the statute of limitations on this suit be expanded, pursuant to 29 U.S.C. § 255, to three years.

3.6. Plaintiff William Sleeper alleges that during that last three years he worked over 2,200 overtime hours, for which URS Midwest, Inc., deliberately refused to pay him overtime payments of one and one half his regular rate of pay. Demand is now made of the overtime pay for these hours worked.

3.7. Further, Plaintiff William Sleeper alleges that given the fact that URS Midwest, Inc., ought to have known that it needed to pay him overtime compensation for the hours that he spent working on his employer's behalf in excess of 8 hours per day and 40 hours per week, thereby making it appropriate that he be awarded liquidated damages on the full amount of his unpaid overtime hours.

3.8. Additionally, Plaintiff alleges that URS Midwest, Inc. unlawfully withheld wages owed to him, and otherwise maintained poor records concerning the wages owed to plaintiff. Demand is now made for all unpaid wages, and a return of all wages improperly withheld from plaintiff.

3.9. For URS Midwest Inc.'s violations of the Fair Labor Standards Act, William Sleeper seeks all damages available under law, including actual attorney fees and prejudgment interest, and liquidated damages.

B. **VIOLATION OF ALASKA WAGE AND HOUR ACT (AS 23.10.050 ET SEQ.).**

3.10. William Sleeper incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.11, and alleges alternatively to the violation alleges in paragraphs 3.1 to 3.9 above, a violation under Alaska Wage and Hour Act.

3.11. Plaintiff William Sleeper alleges that he worked overtime hours for his employer Defendant URS Midwest, Inc., by truck driving, and doing other assigned duties, for his employer, without receiving a payment of one and one half times his normal rate of pay.

3.12. Plaintiff William Sleeper further alleges that he never was asked to sign, nor did he ever sign, any agreement with URS Midwest, Inc. that established any alternative method for paying and calculating overtime compensation for the hours that he worked.

3.13. Plaintiff William Sleeper also alleges that URS Midwest, Inc. illegally withheld, and deducted, compensation he had earned as part of his commission pay and otherwise maintained poor records concerning the wages owed to plaintiff. Demand is now made for all unpaid wages, and a return of all wages improperly withheld from plaintiff..

3.14.   Plaintiff William Sleeper alleges that during that last two years he worked over 1,400 hours, for which URS Midwest, Inc., deliberately refused to pay him overtime payments of one and one half his regular rate of pay. Demand is now made of the overtime pay for these hours worked.

3.15.   Further, Plaintiff William Sleeper alleges that given the fact that URS Midwest, Inc., ought to have known that it needed to pay him overtime compensation for the hours that he spent working on his employer's behalf in excess of 8 hours per day and 40 hours per week, thereby making it appropriate that he be awarded liquidated damages on the full amount of his unpaid overtime hours.

3.16.   For URS Midwest, Inc.'s violations of the Alaska Wage and Hour Act, William Sleeper seeks all damages available under law, including actual attorney fees and prejudgment interest, and liquidated damages.

### PRAYER OF RELIEF

WHEREFORE, Plaintiff William Sleeper, requests judgment against defendant URS Midwest, Inc., as follows:

1. Full and complete payment of all unpaid overtime compensation, and or illegally deducted payments, that URS Midwest, Inc., owes to William Sleeper for the hours he worked truck driver for his employer and doing other required duties;

2. Payment by URS Midwest, Inc., to William Sleeper of all penalties permitted against it, specifically pursuant to 29 U.S.C. § 216(b), and/or AS 23.05.140(d), but additionally any penalties and/or liquidated damages permitted under Federal or Alaska law.

3. Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act or Alaska's Wage and Hour Act, and all permitted prejudgment interests on the unpaid wages.

4. Plaintiff William Sleeper further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: February 8, 2017

*[signature]*
Isaac D. Zorea
ABA No. 0011090
Co- Counsel for William Sleeper